IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JODEE GARRETT,

     Plaintiff,                      No. 2:12-cv-2917 WBS KJN P

     vs.

J. SWEET,

     Defendant.                 <u>ORDER</u>

         Plaintiff is a state prisoner proceeding without counsel. On April 8, 2013, defendant filed an answer. On April 9, 2013, plaintiff filed a motion for summary judgment. On April 15, 2013, the court issued a discovery and scheduling order, setting a schedule for this litigation, including a discovery deadline of August 2, 2013, and an October 25, 2013 deadline for the filing of dispositive motions, including motions for summary judgment.

         On April 30, 2013, defendant filed a motion for extension of time to oppose plaintiff's motion for summary judgment. Defendant seeks a sixty day extension of time because defendant is conducting discovery, and has not had adequate time to conduct discovery. Moreover, plaintiff is housed at R.J. Donovan in San Diego, California, which requires counsel to travel to obtain plaintiff's deposition in San Diego.

////

Rule 56(d)(1) of the Federal Rules of Civil Procedure allows a court to deny or defer an application for judgment if the nonmovant shows it cannot present facts essential to justify its opposition. Id.

Here, plaintiff filed his motion for summary judgment one day after defendant filed his answer, and before the court issued its discovery and scheduling order. Thus, defendant has not had an adequate opportunity to conduct discovery. While nothing in the rules prevents plaintiff from bringing a motion at this time, defendant must have an adequate chance to properly oppose the motion. Defendant has identified three percipient witnesses, in addition to plaintiff, and must have sufficient time to interview these witnesses and obtain evidence to oppose plaintiff's motion.

Therefore, the court denies plaintiff's motion for summary judgment without prejudice to its renewal between August 5, 2013, and October 25, 2013. Plaintiff shall not renew his dispositive motion prior to August 5, 2013. Plaintiff is not required to re-file his motion; rather, he may simply re-notice the motion and direct counsel's attention to the motion filed on April 9, 2013. Of course, if discovery should alter the nature of plaintiff's motion, plaintiff may file a new motion for summary judgment following the completion of discovery, rather than rely on the April 9, 2013 motion. In light of this order, defendants' motion for extension of time is denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 9, 2013 motion for summary judgment (ECF No. 16) is denied without prejudice; and

2. Defendants' April 30, 2013 motion for extension of time (ECF No. 18) is denied as moot.

DATED: May 17, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

garr2917.eot

2